UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CITIMORTGAGE, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:14CV02078 AGF ) |
| MOUNTAIN WEST FINANCIAL, INC., | ) ) ) |
| Defendant. | ) ) |

# MEMORANDUM AND ORDER

This matter is before the Court on the motion of Plaintiff CitiMortgage, Inc. ("CMI"), under Federal Rule of Civil Procedure 12(b)(6), to dismiss the counterclaim filed by Defendant Mountain West Financial, Inc. ("MWF"). The counterclaim asserts breach of the implied covenant of good faith and fair dealing. For the reasons set forth below, Plaintiff's motion will be granted without prejudice to Defendant's right to file an amended counterclaim.

# BACKGROUND

Alleged facts pertinent to this motion are as follows: Plaintiff is in the business of purchasing, reselling, and servicing residential mortgage loans in the secondary mortgage market. Defendant is in the business of originating, sourcing, and/or reselling residential mortgage loans. On August 27, 2004, the parties entered into a contract in which Defendant agreed to sell loans to Plaintiff. Plaintiff had "sole and exclusive discretion"

1

to determine if any loans Plaintiff purchased from Defendant had defects as listed in the contract.  The contract stated that Defendant

> will, upon notification by [Plaintiff], correct or cure such defect within the time prescribed by [Plaintiff] to the full and complete satisfaction of [Plaintiff].  If, after receiving such notice from [Plaintiff,] [Defendant] is unable to correct or cure such defect within the prescribed time, [Defendant] shall, at [Plaintiff's] sole discretion, . . . repurchase such defective Loan from [Plaintiff] at the price required by [Plaintiff].

(Doc. No. 39.)

Plaintiff alleges that between 2010 and 2013, Plaintiff determined that 33 residential mortgage loans Plaintiff purchased from Defendant were defective.  Plaintiff allegedly demanded that Defendant cure the defects and repurchase the loans pursuant to the contract.  Plaintiff alleges that Defendant failed to do so.  Plaintiff filed the current lawsuit on December 18, 2014, claiming that that Defendant breached their contract by failing to cure the defects and repurchase the loans.  In its amended complaint filed on December 30, 2015, Plaintiff asserts $4.4 million in damages for the repurchase price for the loans.

On January 27, 2016, Defendant filed an answer, and one counterclaim that asserted that Plaintiff breached the implied covenant of good faith and fair dealing when Plaintiff demanded that Defendant repurchase the allegedly defective loans.  Defendant alleges that Plaintiff did not afford Defendant an opportunity to correct or cure the defects.  Defendant also alleges that Plaintiff refused to rescind the repurchase demands though Defendant provided rebuttal information to refute the defects alleged by Plaintiff.

2

Defendant further alleges that

> [a]s a major institution in the banking and mortgage industry, [Plaintiff] is aware, or should be aware, that correspondent lenders such as [Defendant] rely heavily on warehouse lenders to fund ongoing loan originations. Warehouse lenders typically regard any outstanding repurchase demands as negatively affecting [Defendant's] credit risk and profile and, as such, any arbitrary and abusive repurchase demands made by [Plaintiff] to [Defendant] as well as [Plaintiff's] failure to rescind any demand that has been successfully rebutted by [Defendant] . . . , is a direct attempt by [Plaintiff] to damage [Defendant's] relationships with its warehouse lenders.

(Doc. No. 39.)

Defendant maintains that these actions by Plaintiff were an abuse of discretion that evaded the spirit of the contract and deprived Defendant of its expected benefit, namely the opportunity to cure the defects. Defendant alleges that as a direct and proximate cause of Plaintiff's breach, Defendant "has sustained damages in the amount . . . not less than $75,000."

Solely for the purposes of the motion to dismiss Defendant's counterclaim, Plaintiff accepts Defendant's assertions that Plaintiff did not afford Defendant an opportunity to cure the alleged defects before making the repurchase demands. Plaintiff argues, however, that Defendant's allegation of damages is insufficient. Defendant counters that Plaintiff "improperly conflates the standard for pleading damages in an action for the breach of the implied covenant of good faith and fair dealing with an ordinary breach of contract action." (Doc. No. 46.) Defendant argues that, for breach of the implied covenant of good faith and fair dealing, Defendant only needs to plead that

3

Plaintiff "acted in such a way that evaded the spirit of the contract, denied [Defendant] its expected benefit of having the opportunity to correct or cure the defects in the loans, and was damaged as a result." (Doc. No. 46.)

**DISCUSSION**

To survive a motion to dismiss for failure to state a claim, a pleader's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The reviewing court must accept the pleader's factual allegations as true and construe them in the pleader's favor, but it is not required to accept the legal conclusions the pleader draws from the facts alleged. *Iqbal*, 556 U.S. at 678; *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012).

Under Missouri law, "a covenant of good faith and fair dealing is implied in every contract." *CitiMortgage, Inc. v. Chicago Bancorp, Inc.*, 808 F.3d 747, 751 (8th Cir. 2015) (citation omitted). "Breach of the implied duty of good faith and fair dealing is a contract action." *Kroger v. Hartford Life Ins. Co.*, 28 S.W.3d 405, 413 (Mo. Ct. App. 2000). Damages resulting from a breach of contract constitute an essential element in a contract action, and this rule is applicable to a claim for breach of an implied covenant of good faith and fair dealing. *See id.*; *see also CitiMortgage, Inc. v. K. Hovnanian Am. Mortg., L.L.C.*, No. 4:12CV01852-SNLJ, 2013 WL 5355471, at *4 (E.D. Mo. Sept. 20,

4

2013) (citations omitted).  A party violates the covenant of good faith and fair dealing when it "exercises a judgment conferred by the express terms of the agreement in a manner that evades the spirit of the agreement and denies the [other party] the expected benefit of the agreement."  *Chicago Bancorp, Inc.*, 808 F.3d at 751-52 (citation omitted).

The Court concludes that Defendant's counterclaim fails to state a claim because Defendant's allegation of damages is insufficient.  The allegation that Plaintiff directly attempted to damage Defendant's relationships with Defendant's warehouse lenders goes to Plaintiff's bad faith rather than to Defendant's damages.  Hence, Defendant's damages allegation is nothing more than a "formulaic recitation of [an element] of a cause of action [that] will not do."  *See Twombly*, 550 U.S. 555; *cf. CitiMortgage, Inc. v. K. Hovnanian Am. Mortg., L.L.C.*, No. 4:12CV01852-SNLJ, 2014 WL 1255943, at *5 (E.D. Mo. Mar. 26, 2014) (denying the plaintiff's motion to dismiss the defendant's counterclaim for breach of the implied covenant of good faith and fair dealing where the defendant alleged "damages such as lost market share[,] damage to reputation, [and lost reasonably-anticipated revenues from the transactions with the plaintiff.]").

The cases that Defendant relies on—*Compass Bank v. Eager Rd. Assocs., LLC*, 922 F. Supp. 2d 818, 826 (E.D. Mo. 2013), and *Icke v. Adams*, 2008 WL 4938413 (E.D. Mo. Nov. 14, 2008)—involved the issue of whether the alleged conduct violated the covenant of good faith and fair dealing, and not of damages.  This element, however, is irrelevant here because Plaintiff has already conceded the issue for the purposes of this motion.  Moreover, the claimants in both cases prevailed—in the former against a motion

to dismiss, and in the latter on a motion for summary judgment—because they "establish[ed] elements of breach of contract plus [the opponents'] bad faith exercise of [their] discretion." *See Compass Bank*, 922 F. Supp. 2d at 826 (citing *Icke*).

The Court will dismiss the counterclaim without prejudice, and per Defendant's request, Defendant is granted leave to amend its counterclaim to cure the defect.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to dismiss Defendant's counterclaim is **GRANTED**. (Doc. No. 44.)

**IT IS FURTHER ORDERED** that Defendant shall have 14 days from the date of this Memorandum and Order to file an amended counterclaim.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 26th day of April, 2016.